FILED
BILLINGS, MT

2006 NOV 28  AM 8 53

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| DENISE DUBELL, | ) | Cause No. CV 06-84-BLG-RWA |
| Plaintiff, | ) | **ORDER¹** |
| vs. | ) | |
| JO ANNE BARNHART,<br>Commissioner of Social<br>Security, | ) | |
| Defendant. | ) | |

On September 25, 2006, plaintiff filed a motion for summary judgment, supported by a brief and Statement of Uncontroverted Facts in accordance with L.R. 7.1. The Commissioner did not file a response brief, but rather, submitted a motion requesting remand of the matter to the Agency for additional administrative proceedings

_____

¹This case has been assigned to the United States Magistrate Judge pursuant to order of District Judge Richard F. Cebull dated September 17, 2006, and the written consent of the parties.

pursuant to sentence four of 42 U.S.C. § 405(g).[2] The Commissioner argues that due to errors in the vocational expert testimony, it cannot be determined whether or not plaintiff can perform other jobs within her vocational profile and residual functional capacity. (Commissioner's Brief In Support Of Motion For Entry Of Judgment With Order To Remand, pg. 9) Plaintiff objected to the Commissioner's motion, arguing that the Commissioner's failure to file a responsive brief constitutes an admission that the motion is well taken. L.R. 7.1(i). The Court agrees.

Left with plaintiff's unopposed motion for summary judgment, pursuant to L.R. 7.1(i), the matter is submitted to the Court for summary ruling.

By failing to file a response brief in opposition to plaintiff's motion for summary judgment, the Commissioner has conceded that the administrative decision was incorrect. Furthermore, the Court has made an independent review of plaintiff's moving brief and the administrative record and concludes that the Commissioner's decision that plaintiff is not disabled because she has a residual functional capacity to perform

---

[2]Sentence four of 42 U.S.C. §405(g) provides in pertinent part:

> [4] The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing[.]

a full range of light work is not supported by substantial evidence in the record. When proper deference and weight is given to the opinions of Drs. Hanson and Johnson, the evidence conclusively established disability.

The decision whether to remand a case for additional evidence or simply to reverse and award benefits is within the discretion of the Court.  Stone v. Heckler, 761 F.2d 530 at 533 (9th Cir. 1985). An award of benefits is appropriate where there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The instant case represents an appropriate situation for remand for an award of benefits.  The record has been fully developed and no useful purpose would be served by further administrative proceedings. This matter was once before sent to the administrative agency to consider the material evidence which had been omitted from the record.   As another remand to the agency would only unnecessarily delay the rightful receipt of benefits, judgment for plaintiff is appropriate. Bilby v. Schweiker, 762 F.2d 716 at 719 (9th Cir. 1985).

Based upon the foregoing, **IT IS ORDERED** that plaintiff's motion for summary judgment (Dkt. # 17) is **GRANTED**.   The matter is hereby remanded for an immediate award of benefits.

**IT IS FURTHER ORDERED** that the Commissioner's motion for remand(Dkt. # 20) be **DENIED**.

-3-

DONE AND DATED this 28ᵗʰ day of November, 2006.

RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE